# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT LEE MANGELLO,** | ) | |
|     **Plaintiff,** | ) | Civil Action No. 11-1029Pitts |
| | ) | |
|     v. | ) | |
| | ) | |
| **STATE TROOPER EARL ROBERTS,** | ) | |
| et al | ) | Magistrate Judge Baxter |
|     **Defendants.** | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the complaint be dismissed as frivolous and that Plaintiff's motion for leave to proceed *in forma pauperis* status be dismissed as moot.

**II.    REPORT**

Plaintiff Robert Mangello, currently incarcerated at the State Correctional Institution at Mahanoy, Pennsylvania, presented this civil rights complaint under § 1983, along with a motion for leave to proceed *in forma pauperis*. Plaintiff alleges that Defendants, State Trooper Earl Roberts and the Commanding Officer of the Uniontown State Police Department, violated his constitutional rights on June 28, 1983.

The Prison Litigation Reform Act provides that: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that – (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

1

from such relief." 28 U.S.C. § 1915(e)(2). Under this provision, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language. See, e.g., Keener v. Pennsylvania Bd. Of Probation & Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating *sua sponte* dismissal of *in forma pauperis* actions that are frivolous or fail to state a claim."). In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e)(2) and § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] See, e.g., Tucker v. Angelone, 954 F.Supp. 134, 135 (E.D. Va. 1997) ("Under 28 U.S.C. § § 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted' ".).

---

[1] A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570. In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Additionally, under Section 1915A, a court is required to *sua sponte* dismiss a complaint which fails to state a claim. <u>Neives v. Dragovich</u>, 1997 WL 698490, at *8 (E.D. Pa. 1997) ("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. 1997e(c), the district courts are required, either on the motion of a party or *sua sponte*, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

In his complaint, Plaintiff alleges that on June 28, 1983, in the Magistrate Judge's office of Southunion Township, in Uniontown, Pennsylvania:

> This state trooper deliberately and intentionally disregarded his duty and withheld blood test results from Magistrate Judge so that charges filed by him would not be dismissed and even coached victim into making identification. Victim showed this in her testimony at trial – and so did state police blood expert in his testimony at trial.

ECF No. 1-1, page 2. Plaintiff further explains:

> Victim testified at trial on these charges that she did not see her attacker in courtroom and only said he was at preliminary hearing because Trooper Roberts told her there sets the man who attacked you.
>
> State Police blood expert testified that after testing blood given by Defendants was given to him by Trooper Robert to be tested against semen [sic] found on victims underpants that he could not truthfully or positively say semen was from Defendant, because 46 percent of overall white male population [sic] had same blood types and 40.04 percent of overall black male population had same blood type.
>
> If this information would have been given to Magistrate Judge charges would probably [sic] have been dismissed. But it was withheld by Defendant Trooper Roberts.

ECF No. 1-2, page 1. Plaintiff seeks a non-jury trial and in excess of twenty-eight million dollars in damages. ECF No. 1-1, page 4.

3

The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations. Wilson v. Garcia, 471 U.S. 261, 266 (1985) (later overruled only as to claims under the Security Exchange Act of 1934). In Pennsylvania, the statute of limitations for a civil rights violation is two years from the date of the alleged violation. See Garvin v. City of Philadelphia, 354 F.3d 215 (3d Cir. (Pa.) 2003); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir.(Pa.) 1996).

The date upon which a § 1983 claim accrues is a matter of federal law. Albright v. Oliver, 510 U.S. 266, 280 n.6 (1994). A claim accrues when the litigant knew or had reason to know of the injury. Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir.1998). Thus, the date when the plaintiff becomes aware, or should have become aware, of both the fact of injury and its causal connection to the defendant, triggers the limitations period.

Here, Plaintiff was allegedly injured in June of 1983 and had reason to know of his alleged injury at that time. So then, Plaintiff had until June of 1985 to file his civil rights action. This action is filed well outside of the statute of limitations period and so is time barred. Accordingly, this action should be dismissed as frivolous.

### III. CONCLUSION

It is respectfully recommended that the complaint be dismissed as frivolous and that Plaintiff's motion for leave to proceed *in forma pauperis* status be dismissed as moot.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation in accordance with the schedule established in the docket entry indicating the filing of this Report

4

and Recommendation. Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: October 31, 2011